IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRACIE M. HUNTER, | : |
| *Plaintiff*, | : Case No. 1:21-cv-544 |
| vs. | : Judge Jeffery P. Hopkins |
| HAMILTON COUNTY SHERIFF'S OFFICE, *et al.* | : |
| *Defendants*. | : |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Tracie M. Hunter ("Plaintiff" or "Hunter"), a former state Juvenile Court judge for Hamilton County, Ohio, who is appearing in these proceedings, *pro se* or representing herself, filed this civil rights action pursuant to 42 U.S.C. § 1983 and related Ohio state law against the Hamilton County Board of Commissioners[1], the Hamilton County Sheriff's Office, and several of its employees John/Jane Doe Sheriff's Deputies (together, the "Sheriff's Office"). This matter is before the Court on Sheriff's Office's Motion to Dismiss ("Motion to Dismiss" or "Motion") (Doc. 37), Plaintiff's response (Doc. 43), the Sherriff Office's reply (Doc. 44), the Report and Recommendation issued by Chief Magistrate Judge Litkovitz on January 8, 2024 (Doc. 45) (the "Report and Recommendation"), and Plaintiff's second Motion for Extension of Time to file Objections to the Report and Recommendation (Doc. 48).

---

[1] The Hamilton County Board of Commissioners was previously dismissed from this lawsuit. Doc. 49.

A.      Background

As noted, Tracie Hunter is a former state Juvenile Court judge who after a historic election sat in Cincinnati, Ohio. However, Hunter was later convicted in Ohio state court of improperly using her elected office in connection with a public contract. Doc. 2, PageID 46. This lawsuit arises from events that occurred during Hunter's sentencing hearing and subsequent incarceration related to that conviction. Plaintiff brings this action under 42 U.S.C. § 1983 and Ohio state law claiming that the Sheriff's Office engaged in negligent hiring, training, supervision, and retention, and assault and battery.

The Sheriff's Office asks this Court to dismiss the claims Hunter brought against them on two bases. First, the Sheriff's Office contends that Ohio law governs the limitations periods for Plaintiff's state and federal claims, and that those claims are therefore subjected to the procedural rules related to those limitation period, including Rule 3(A) of the Ohio Rules of Civil Procedure ("Ohio's Commencement Rule").  Second, the Sheriff's Office argues that it should be dismissed as a defendant from these proceedings because it is not a legal entity capable of being sued under Ohio law.

On January 8, 2024, Magistrate Judge Litkovitz issued a Report and Recommendation (Doc. 45), which recommends that this Court grant in part and deny in part the Sheriff's Office's Motion to Dismiss. Specifically, the Magistrate Judge recommends that (1) the Motion be denied as to Plaintiff's § 1983 claims, which are not subject to Ohio's Commencement Rule; and that (2) the Motion be granted as to Plaintiff's state-law claims, which are time-barred; and (3) that Sheriff's Office be dismissed as a defendant because it is not *sui juris* under Ohio law. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir.

2

2014) (holding county sheriff's office is not a legal entity capable of being sued under Ohio law).

The Report and Recommendation further advised the parties that failure to file specific written objections within fourteen days could result in forfeiture of any rights they may possess on appeal. Doc. 45. Plaintiff failed to timely file objections to the Report and Recommendation. Eleven days after the objection deadline had passed, Plaintiff filed a Motion for Leave to File ("Motion for Leave"), seeking a thirty-day extension of time to file her objections. Doc. 46. In her Motion for Leave, Hunter indicated that she traveled abroad two days after the Report and Recommendation was issued, and, despite returning to the country one week before her objection was due, she failed to monitor the docket and did not learn of the Report and Recommendation until February 1, 2024. *Id.* On March 27, 2024, the Court granted Plaintiff's request for additional time. Doc. 47. Though more than thirty days had passed, Plaintiff still failed to file objections to the Report and Recommendation while her Motion for Leave was pending. Nonetheless, the Court granted Plaintiff an *additional* seven days to file her objections. *Id.* Plaintiff again failed to file her objections within the time prescribed. Instead, on the day the objections were due, Plaintiff filed yet another motion seeking an extension this time for an *additional* thirty to forty-five days to file her objections. Doc. 48. Plaintiff again asserted that she did not see the Order granting her Motion to Leave until the day before the extended deadline. *Id.* This motion has remained under advisement. In the intervening months, Plaintiff has not filed objections.

B.  Analysis

   1.  **Extension of Time**

Federal Rule of Civil Procedure 6(b) provides that the court may grant an extension for good cause before the deadline, or after the deadline has passed if the party failed to act because of excusable neglect. The Court finds that no good cause exists to provide another extension of the objection deadline. Hunter's failure to check the docket does not amount to good cause for an extension. The Sixth Circuit has reiterated repeatedly that parties have an affirmative duty to monitor the docket and keep apprised of filing deadlines in their cases. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) ("regardless of whether email notifications are received, parties continue to have a duty to monitor the court's docket."). Therefore, Plaintiff's Motion to Extend Time to File Objections (Doc. 48) is **DENIED.**

   2.  **Report and Recommendation**

Because no objections have been filed and the time for filing such objections under Fed. R. Civ. P. 72(b) has expired, the Court reviews the Report and Recommendation for clear error. *See* Fed.R.Civ.P. 72(b) advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Redmon v. Noel*, No. 1:21-CV-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The Court has reviewed the Report and Recommendation and determined that it does not contain clear error. Therefore, the Court **ADOPTS** the Report and Recommendation in its entirety.

Accordingly, it is hereby **ORDERED** that

   1.  Plaintiff's Motion to Extend Time to File Objections (Doc. 48) is **DENIED**.

2. The Sheriff Office's Motion to Dismiss (Doc. 37) is **GRANTED** in part and **DENIED** in part, as explained in the Report and Recommendation (Doc. 45).

3. The Sheriff Office is hereby **DISMISSED WITH PREJUDICE.**

4. Plaintiff's state law claims (Counts VI and VII) are hereby **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

**IT IS SO ORDERED.**

Dated: September 29, 2024

Hon. Jeffery P. Hopkins
United States District Judge