\UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRACIE M. HUNTER,<br>    Plaintiff, | Case No. 1:21-cv-544<br>Hopkins, J.<br>Litkovitz, M.J. |
| vs. | |
| HAMILTON COUNTY BOARD OF<br>COMMISIONERS, *et al.*,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

On December 3, 2024, defendants John and Jane Doe employees of the Hamilton County Sheriff's Office filed a motion to dismiss plaintiff's complaint against them based on plaintiff's failure to identify and serve them within the Fed. R. Civ. P. 4(m) time frame and plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b). (Doc. 52). Plaintiff did not respond to the motion to dismiss, so on January 22, 2025, the Court issued an Order to plaintiff to show cause within 14 days of the Order why her case should not be dismissed, with prejudice, for want of prosecution. (Doc. 53). The Court stated it would recommend dismissal of this action to the District Judge if plaintiff did not respond within such time. To date, more than 14 days since the Order to show cause, plaintiff has not filed a response.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the motion to dismiss (Doc. 52) or Order to show cause (Doc. 53) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Date: 2/10/2024

Karen L. Litkovitz
United States Magistrate Judge

\UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRACIE M. HUNTER,
    Plaintiff,

vs.

HAMILTON COUNTY BOARD OF
COMMISIONERS, *et al.*,
    Defendants.

Case No. 1:21-cv-544
Hopkins, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).